# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Zachary F. Seidel,<br><br>              Petitioner,<br><br>v.<br><br>Bureau of Indian Affairs,<br>Standing Rock Agency,<br>Sheila White Mountain<br><br>              Respondent. | Case No. 1:17-cv-038<br><br>**ORDER DISMISSING PETITION** |

Before the Court is Zachary F. Seidel's *pro se* petition for habeas relief pursuant to 28 U.S.C. § 2241 filed on February 24, 2017. See Docket No. 6. For the reasons explained below, the petition is dismissed.

A judge considering an application for a writ of habeas corpus must either award the writ or issue an order directing the respondent to respond to the application unless it appears from the application that the petitioner is not entitled to the writ. See 28 U.S.C. § 2243. In this case, it clearly appears from the application that the writ should not be issued.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) (emphasis added)). The petitioner must be "in custody" under the conviction or sentence under attack at the time the petition is filed. Id. If the petitioner is not "in custody," the district court lacks jurisdiction to hear the case. Flittie v. Solem, 867 F.2d 1053, 1054 (8th Cir. 1988).

In this case, Seidel lists an Oregon address as his mailing address, but hand-delivered his habeas petition to the Court in Bismarck, North Dakota. Seidel is not in custody. He has not been convicted of any crime or sentenced by any court. Rather, he has been served with a "Notice of Trespass" by the Bureau of Indian Affairs in relation to a Dakota Access Pipeline protest camp located near Cannonball, North Dakota. See Docket No. 6. In his prayer for relief he asks the Court to "Bar Lawless interference by state agencies. BIA, FBI, Morton County, out of state Responders, Nation guards Etc. Award litigation fees." See Docket No. 6-1, p. 8.

It is well-established in federal law that because Seidel is not in custody, this Court does not have jurisdiction over his Section 2241 habeas petition. See Harvey v South Dakota, 526 F.2d 840, 841 (8th Cir. 1975) (noting "the writ of habeas corpus is only available to one who is in custody"). 28 U.S.C. § Section 2241 is generally used by prisoners challenging the execution or manner in which a sentence is served. See Rumsfeld v. Padilla, 542 U.S. 426, 434-47 (2004). The lack of subject matter jurisdiction clearly requires dismissal of the petition.

Based upon a careful review of the entire file, it is **ORDERED** that:

1) Seidel's 28 U.S.C. § 2241 petition (Docket No. 6) shall be **DISMISSED**.

2) Seidel's motion for expedited review (Docket No. 2) and his motion to compel (Docket No. 8) are **DENIED**.

3) The Court certifies that an appeal from the denial of this petition may not be taken in forma pauperis because such a appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

4) Based upon the entire record before the Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). If the defendant desires further review of his petition he may request the issuance of a certificate of appealability by a circuit judge with the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2017.

                                                           */s/ Daniel L. Hovland*
                                                           Daniel L. Hovland, Chief Judge
                                                           United States District Court